**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL W. BURRUS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24-cv-00923-MTS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

Before the Court is Petitioner Michael W. Burrus's Motion Under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Doc. [1].  For the reasons

stated below, the Court will grant Petitioner's Motion with regard to his claim that counsel failed

to file a notice of appeal and will deny it without prejudice in all other respects.

**I.      Background**

On December 16, 2021, Petitioner was indicted by a federal grand jury for conspiracy to

commit bank fraud, in violation of 18 U.S.C. § 1349, two counts of bank fraud, in violation of 18

U.S.C. § 1344, and two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A.

Doc. [2].  On July 27, 2023, Petitioner, along with his retained attorney, Jermaine Wooten,

appeared before the Court for a change of plea hearing.  Pursuant to a Guilty Plea Agreement, in

exchange for his voluntary plea of guilty to Count I (Conspiracy to Commit Bank Fraud), Count

II (Bank Fraud), and Count III (Bank Fraud), the Government agreed to dismiss Counts IV and V

at the time of sentencing. Doc. [35], Crim. No. 4:21-cr-0698-MTS.

On July 27, 2023, Petitioner was sentenced to a total term of imprisonment of 175 months

and ordered to make restitution in the amount of $1,626,786.89. Doc. [50], Crim. No. 4:21-cr-

0698-1-MTS. Petitioner was also sentenced to a 24-month term of imprisonment for a supervised release violation in an unrelated matter, to run concurrently with the sentence imposed in 4:21-cr-0698-1. *See* Doc. [179], Crim. No. 4:l7-cr-0235-1-MTS. On August 24, 2023, Petitioner filed a pro se notice of appeal in each matter. Doc. [53], Crim. No. 4:21-cr-0698-MTS; Doc. [181], Crim. No. 4:l7-cr-0235-MTS. However, on December 15, 2023, Petitioner's appeals were dismissed for failure to prosecute and mandates issued. Docs. [67], [68], Crim. No. 4:21-cr-0698-MTS; Docs. [190], [191], Crim. No. 4:l7-cr-0235-MTS.[1]

On July 5, 2024, Burrus filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Doc. [1].[2] On October 12, 2024, the Government filed its Response. Petitioner filed a Reply on November 7, 2024, and subsequently filed a "Supplement to Motion Under 28 U.S.C. § 2255" on April 27, 2026.

## II.     Legal Standard

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion for post-conviction review on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . ." 28 U.S.C. § 2255(a). As such, relief under § 2255 is limited to addressing "jurisdictional errors,

---

[1] The Court also notes that on October 10, 2023, the Federal Public Defender's Office filed an Entry of Appearance and Notice of Intent to Seek Retroactive Application of Amendment 821 USSG, wherein Defendant sought permission to hold the motion in abeyance to permit the filing of a supplemental motion, subsequently filed January 11, 2024. *See* Docs. [65], [70], Crim. No. 4:21-cr-0698-MTS. The Federal Public Defender was appointed by the Court to review pro se motions filed under Part A of Amendment 821 to the 2023 Sentencing Guidelines. *See* E.D. Mo. Admin. Orders AORD-0093, AORD-0094, and AORD-0096. Petitioner claimed that due to the 821 Amendment, his criminal history points would be reduced by two, leaving a total of three points, resulting in a reduction to his criminal history category to II and an amended guideline range of 135 to 168 months, rather than the criminal history category III and guideline range of 151 to 188 months he was sentenced under. *Id*. The Court denied Petitioner's request. *See* Docs. [75], [76], Crim. No. 4:21-cr-0698-MTS. Also, on February 28, 2024, Petitioner filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) that was also denied by this Court. *See* Docs. [74], [77], Crim. No. 4:21-cr-0698-MTS.

[2] The Motion appears to be timely filed pursuant to 28 U.S.C. § 2255(f)(1).

constitutional errors, and errors of law." *Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019) (citing § 2255(b)). Jurisdictional and constitutional errors are "readily cognizable under § 2255." *Id*. (citing *Cravens v. United States*, 894 F.3d 891, 893 (8th Cir. 2018)). However, "when it comes to errors of law, 'the permissible scope of a § 2255 [petition] is severely limited.'" *Id*. (quoting *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011)). An error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

Generally, petitioners are precluded from asserting claims pursuant to § 2255 that they failed to raise on direct appeal. *United States v. Frady*, 456 U.S. 152, 158-59, 167-68 (1982). When a § 2255 petitioner asserts a claim that is procedurally defaulted because it was not raised on direct appeal, the claim can only proceed after the movant has shown either: (1) actual innocence or (2) that the procedural default should be excused because there was both cause for the default and actual prejudice to the petitioner. *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). As such, barring a claim of actual innocence, a petitioner must show both cause for why he failed to raise an issue on direct appeal as well as actual prejudice caused by the alleged errors. However, appellate courts generally refuse to review claims of ineffective assistance of counsel on direct appeal; such claims are, of counsel claim requires the petitioner to show that, (1) his attorney's performance was deficient, and (2) he was prejudiced by his counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).[3]

---

[3] A court is not required to address both components of the *Strickland* standard if a movant makes an insufficient showing on one of the prongs. *Strickland*, 466 U.S. at 697.

- 3 -

### III.   Discussion

An overarching claim in Petitioner's § 2255 motion is that counsel was ineffective for failing to file notices of appeal on his behalf following his sentencing in Crim. No. 4:21-cr-0698-MTS and sentencing in Crim. No. 4:17-cr-0235-MTS, for a supervised release revocation.[4] This claim will be examined first because it is dispositive.

As a preliminary matter, "an attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary." *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000). Instead, prejudice is presumed. *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000). This remains true "[e]ven if the client waived his right to appeal as part of a plea agreement." *United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014); *see also Garza v. Idaho*, 586 U.S. 232, 247 (2018) ("presumption of prejudice recognized in *Flores-Ortega* applies regardless of whether defendant has signed an appeal waiver").[5] If a defendant asks his attorney to file a notice of appeal and they do not, he has been denied effective assistance of counsel and is entitled to resentencing so that he can file a timely appeal. *Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007). As such, "'[w]here [a] petitioner's allegations, if true,

---

[4] Petitioner did not file a separate § 2255 motion regarding the supervised release revocation case, Crim. No. 4:17-cr-00235. However, this Court will construe the § 2255 motion as relating to both matters. *See also Reed v. United States*, 2026 WL 1882721, 4:25-cv-00638-SRC *3 (E.D. Mo. June 30, 2026) ("The Court assumes without deciding, that [Petitioner] may challenge his revocation sentence via a section 2255 motion." (collecting cases)).

[5] As stated in Petitioner's plea agreement: "The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." *Id*. at 8. The plea agreement also states that "[i]n the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level … and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all right to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category." *Id*. The plea agreement further states that the parties "waive all right to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls with the scope of the statute(s)." *Id*.

amount to ineffective assistance of counsel, a hearing must be held unless the record 'affirmatively refutes the factual assertions upon which [the claim] is based.'" *Carnahan v. United States*, 778 F. App'x 404, 405 (8th Cir. 2019) (quoting *Watson*, 493 F.3d at 964). For such a claim to succeed, the defendant must show that he manifestly "instructed [his] counsel to file an appeal." *Barger*, 204 F.3d at 1182. "A bare assertion by the petitioner that [he] made a request is not by itself sufficient to support a grant of relief." *Id*.

As stated previously, on July 27, 2023, Petitioner was sentenced. After the sentencing hearing, Petitioner's counsel presented a Notice of Compliance with Local Rule 12.07(A) form. *See* Doc. [49], Crim No. 4:21-cr-0698. Someone appears to have checked the box indicating that "Defense counsel has explained to defendant his/her right to appeal, defendant has not requested that counsel file a Notice of Appeal, and defendant declines to sign this notice." *Id*. On August 7, 2023, still within the 14-day timeframe to file a timely appeal, *see* Fed. R. App. Proc. 4(b)(1)(A), this Court filed a letter from Petitioner, Doc. [52], that stated it had been nearly a week since his sentencing and he had not received any paperwork to file an appeal from his sentencing, and that he knows he has a certain amount of time to do so. *Id*. It was noted in the docket entry that Petitioner's letter had been emailed to defense counsel that same day. *Id*. Defendant also filed a letter he received from defense counsel, dated August 7, 2023, wherein defense counsel wrote, "Per your request, please find attached a copy of the notice of appeal form I was referencing following your sentence. If you should have any questions, please do not hesitate to contact me."[6] *See* Doc. [6-1].

On August 24, 2023, this Court filed what it construed to be *pro se* Notices of Appeal ("Notices"). *See* Doc. [53], Crim. No. 4:21-cr-0698-MTS; Doc. [181], Crim. No. 4:17-cr-0235-

---

[6] Petitioner claims defense counsel sent "appeal paperwork with boxes pre-checked indicating that Movant did not wish to appeal," contradicting his express request. *See* Doc. [7] at 2.

MTS. The Notices were both copies of the July 27, 2023, Notice of Compliance with Local Rule 12.07(A) wherein Petitioner hand-wrote that he had asked his attorney to file a notice of appeal in each of his cases. On that same day, the United States Court of Appeals for the Eighth Circuit Clerk's Office entered a Notification of Appeal and Notice of Appeal Supplement, listing defense counsel and his email along with a docket entry from this Court stating in all caps, "NOTIFICATION TO COUNSEL/PRO SE PARTY: FILE REQUEST FOR TRANSCRIPT WITH THE DISTRICT COURT CLERKS OFFICE." *See* Doc. [54], Crim. No. 4:21-cr-0698-MTS; Doc. [182], Crim. No. 4:l7-cr-0235-MTS.

On August 25, 2023,[7] the Eighth Circuit Clerk's Office sent letters addressed to defense counsel notifying him that the notices had been docketed and consolidated. Doc. [55], Crim. No. 4:21-cr-0698-MTS; Doc. [183], Crim. No. 4:l7-cr-0235-MTS. The letter further states,

> Counsel in this case must supply the clerk with an Appearance Form… The district court has informed us that the $505 docketing and filing fees have not been paid in this case, and you must either pay the fees immediately or file a motion with the district court seeking permission to proceed in forma pauperis. Your duties as counsel of record are defined by Eighth Circuit Rule 27B and the Eighth Circuit's Plan to Expedite Criminal Appeals… In reviewing the file, we note that the notice of appeal appears to be untimely… We bring this matter to your attention so you may remedy this situation and meet the timeliness requirements for the appeal. Federal Rules of Appellate Procedure 4(b)(4) permits the filing of a motion for an extension of time to file a notice of appeal. The notice should be filed within 30 days after expiration of the period for filing a timely notice of appeal. The motion must establish excusable neglect to good cause for the late filing. . . .

On September 6, 2023, this Court received a pro se application to proceed in forma pauperis, signed and dated August 29, 2023, from the Eighth Circuit in both matters. Doc. [58], Crim. No. 4:21-cr-0698-MTS and Doc. [186], Crim No. 4:17-cr-0235. Petitioner wrote on the Form used in both cases,

---

[7] Defense counsel would have had essentially three days to file a motion seeking an extension of time to file the notice of appeal, as the thirty-day extension to file an extension motion would have expired on Monday, August 28, 2023.

My attorney has fail[ed] to file a[n] appeal claim that I instructed my Attorney … to do on the day of sentence on 7-27-23. I also sent a notice of appeal to Eastern District of Mo in timely matter, days later a letter came in from my attorney … it was a notice of appeal letter that had a box check[ed] off saying that his client did not want to file for a notice of appeal. [O]n the day I got the letter in it wouldn't [have] got[ten] file[d] in timely manner.

*Id.*

As to Crim. No. 4:17-cr-0235-MTS, on September 20, 2023, this Court issued an Order denying Petitioner's in forma pauperis motion. Doc. [187], Crim. No. 4:l7-cr-0235-MTS. Subsequently, on September 26, 2023, the Eighth Circuit issued an Order stating that the filing and docketing fee had not been paid and that Appellant/Petitioner would need to either pay the fee in the district court or re-file a motion for leave to proceed in forma pauperis in the district court with 21 days of the Order, and if not, the Court would enter an order directing the appellant to show cause why this appeal should not be dismissed for failure to prosecute. *See* Doc. [188], Crim. No. 4:l7-cr-0235-MTS.

As to Crim. No. 4:21-cr-0698-MTS, On September 29, 2023, this Court issued an Order denying Petitioner's in forma pauperis motion. Doc. [61], Crim. No. 4:21-cr-0698-MTS. On October 2, 2023, the Eighth Circuit issued an Order stating that the filing and docketing fee had not been paid and that Appellant/Petitioner would need to either pay the fee in the district court or re-file a motion for leave to proceed in forma pauperis in the district court with 21 days of the Order, and if not, the Court would enter an order directing the appellant to show cause why this appeal should not be dismissed for failure to prosecute. *See* Doc. [63], Crim. No. 4:21-cr-0698-

On November 7, 2023, the Eighth Circuit issued an order stating that Appellant/Petitioner had failed to pay the docket fees or to file a motion for leave to proceed in form pauperis and gave Appellant/Petitioner 14 days to show cause why the appeal should not be dismissed for failure to prosecute. *See* Doc. [189], Crim. No. 4:17-cr-0235-MTS; *See* Doc. [66], Crim. No. 4:21-cr-0698-

MTS. On December 15, 2023, the Eighth Circuit entered a judgment dismissing Petitioner's appeals for failure to prosecute and mandates issued. Docs. [67], [68], Crim. No. 4:21-cr-0698-MTS; Docs. [190], [191], Crim. No. 4:l7-cr-0235-MTS. The Clerk of this Court entered these Eighth Circuit orders on the dockets of each of these cases. Thus, Petitioner's attorney received notice of each of these orders via CM/ECF.

Here, the motion, files, and records of this case conclusively establish that Petitioner is entitled to relief. Petitioner expressly informed plea counsel that he wanted to file an appeal in each matter, and his counsel failed to do so. *See Witthar v. United States*, 793 F.3d 920, 923 (8th Cir. 2015); 28 U.S.C. § 2255(b). There is no question, given Petitioner's correspondence with defense counsel and the multitude of notifications he received in both cases from this Court as well as the Eighth Circuit, that defense counsel was unaware of Petitioner's desire to pursue an appeal in each matter. And despite all the notifications, defense counsel did not make any effort to step in and perform his required duties as outlined by the Eighth Circuit Plan to Expedite Criminal Appeals and 8th Cir. R. 27(B), resulting in the dismissal of Petitioner's appeals.   As such, an evidentiary hearing is not required because the records and files of the case conclusively demonstrate that Petitioner *is* entitled to relief. *See* 28 U.S.C. § 2255(b). "The appropriate remedy for an attorney's failure to file a notice of appeal is re-sentencing, to allow the petitioner the opportunity to file a timely appeal." *Barger*, 204 F.3d at 1182 (citations omitted); *United States v. Darden*, 915 F.3d 579, 583 (8th Cir. 2019) (the procedure for resentencing following a successful § 2255 motion based on counsel's failure to appeal is for the district court to vacate the sentence and then reimpose it).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Michael Burrus's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Doc. [1], is **GRANTED IN PART** as to Petitioner's claim of ineffective assistance of counsel for failure to file notices of appeal, **AND DENIED WITHOUT PREJUDICE IN PART,** as to all other remaining issues in Petitioner's Motion.

**IT IS FURTHER ORDERED** that the Clerk's Office is directed to appoint the Federal Public Defender's Office to represent Petitioner in 4:21-cr-698-MTS, as well as 4:l7-cr-00235-MTS.

**IT IS FURTHER ORDERED** that this matter is now set for a hearing on **October 6, 2026, at 10:00 a.m. in Courtroom 16-South** at which time the Court will vacate Petitioner's sentences in 4:l7-cr-00235-MTS and 4:21-cr-698-MTS, resentence him to the same terms of incarceration with credit for time served, and issue amended judgment(s) from which he may file direct appeals in accordance with Fed. R. of App. Proc. 4(b).

**IT IS FINALLY ORDERED** that the United States Marshals Service is directed to coordinate with the Federal Bureau of Prisons to transport Petitioner back to this district for resentencing.

Dated this 30th day of July 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

- 9 -